UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

ASHKAN RAJAEE and NASSIM RAJAEE,

Debtors.

_____

ASHKAN RAJAEE,

Appellant,

v.

TYLER BRANDON DAVIS, TOPDEVZ LLC, and CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,

Appellees.

Case No.: 26-cv-76-RSH-GC

(Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL)

**ORDER DISMISSING APPEAL**

Appellant Ashkan Rajaee ("Appellant" or "Rajaee") appeals from a December 10, 2025 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying without prejudice Rajaee's second, third, and fourth motions for reconsideration of the Bankruptcy Court's prior orders converting Rajaee's bankruptcy from chapter 11 to chapter 7 and approving settlements of the Chapter 7 Trustee.  ECF No.

1

1. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL (S.D. Cal. Bankr.) (the "Bankruptcy Case").

As set forth below, the Court dismisses the appeal for lack of jurisdiction.

**I.    BACKGROUND**

The Court incorporates the description of the Bankruptcy Case contained in the Court's October 31, 2025 order denying one of Rajaee's previous bankruptcy appeals, Case No. 25-cv-667, ECF No. 23.

The instant appeal is one of Rajaee's numerous appeals pending in the U.S. District Court for the Southern District of California, each arising from orders entered in the Bankruptcy Case:

(1)    No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2)    No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3)    No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4)    No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; pending)

(5)    No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; pending)

(6)    No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7)    No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8)    No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9)    The instant appeal, No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025)

(10)   No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; pending)[1]

The instant appeal relates to two prior orders of the Bankruptcy Court: a May 9, 2024 order granting conversation of the bankruptcy case from Chapter 11 to Chapter 7, *see* Bankruptcy Case, Dkt. No. 37 (the "Conversion Order"), and a December 10, 2024 order approving certain settlements by the Trustee, *see id.*, Dkt No. 159 (the "Settlement Order").

On December 24, 2024, Rajaee filed his first motion to reconsider the Conversion Order and the Settlement Order. *Id.*, Dkt. No. 176. On March 6, 2025, the Bankruptcy Court denied that motion. *Id.*, Dkt. No. 236.

On March 21, 2025, Rajaee filed a notice of appeal of the Bankruptcy Court's denial of his first motion for reconsideration. *See In re Rajaee*, No. 25-cv-667-RSH-KSC, ECF No. 1. On October 31, 2025, this Court affirmed. *Id.*, Dkt. No. 23. On November 28, 2025, Rajaee appealed to the U.S. Court of Appeals for the Ninth Circuit. *See id.*, ECF No. 25. That appeal remains pending as Case No. 25-8172. *See id.*, ECF No. 26.

Rajaee filed second, third, and fourth motions to reconsider on May 7, December 1, and December 9, 2025, respectively. *See* Bankruptcy Case, Dkt Nos. 354, 693, 715. On December 10, 2025, the Bankruptcy Court denied these motions without prejudice. *See id.*, Dkt. No. 719. The Bankruptcy Court stated:

> "The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The trial court therefore cannot take actions "over those aspects of the case involved in the appeal." *Id.*

---

[1]   Additionally, Rajaee has filed several civil lawsuits against one or more of the appellees in this case, including the following actions assigned to the undersigned: (1) *Rajaee v. Davis et al.*, No. 24-cv-1-RSH-KSC (complaint filed Jan. 2, 2024; dismissed on Apr. 12, 2024); (2) *Rajaee v. Davis et al.*, No. 24-cv-549-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); (3) *Rajaee v. Davis et al.*, No. 24-cv-550-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); and (4) *Rajaee et al. v. Davis et al.*, No. 26-cv-80-RSH-GC (complaint filed Jan. 6, 2026; pending).

> These newest reconsideration requests at ECF Nos. 354, 693, & 715 address the Conversion Order and Settlement Order – the exact orders the Ninth Circuit is considering. The main contention in all these reconsideration motions is this: a state court's order affirming an arbitration award is void, so this court lacked jurisdiction to convert his bankruptcy, and all orders deriving from the conversion are improper (ECF Nos. 117, 354, & 693). In its review, the Ninth Circuit will decide that very issue.
>
> Since the Court of Appeals has jurisdiction over the central issue in Debtor's newest reconsideration motions, the court denies all three of them without prejudice.

*Id.* at 2.

Rajaee now appeals the Bankruptcy Court's denial of his second, third, and fourth motions to reconsider.

## II.   JURISDICTION

A party may appeal as of right from "final judgments, orders, and decrees" entered by bankruptcy courts "in cases and proceedings." *See* 28 U.S.C. § 158(a)(1). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made 'orders in bankruptcy cases ... immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). This is because "[a] bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" *Ritzen*, 589 U.S. at 38 (quoting *Bullard*, 575 U.S. at 501).

In assessing whether an order is "final" for purposes of appealability, the Ninth Circuit applies "a pragmatic approach." *In re Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016). "A bankruptcy court order is considered final 'where it 1) resolves and seriously affects

4

substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (quoting *In re AFI Holding*, 530 F.3d 832, 836 (9th Cir. 2008)); *see also In re Marino*, 949 F.3d 483, 487 (9th Cir. 2020) ("An order in a bankruptcy proceeding is final and thus appealable if it alters the status quo and fixes the rights and obligations of the parties or alters the legal relationships among the parties.") (cleaned up).

If a bankruptcy court's order is interlocutory rather than final, district courts have limited discretionary appellate jurisdiction. *See* 28 U.S.C. § 158(a)(2), (3); Fed. R. Bankr. P. 8004. "[T]he Ninth Circuit has explained that courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Thinkfilm, LLC*, No. 12-9795, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *accord Vistam, Inc. v. Flahaut*, No. 2:24-cv-4460-SSS, 2024 WL 5480346, at *2 (C.D. Cal. Dec. 5, 2024). "While district courts have discretionary authority to hear interlocutory appeals, review of interlocutory orders is generally disfavored." *In re Thinkfilm, LLC*, 2013 WL 654010, at *1.

Additionally, "the filing of a notice of appeal generally divests the trial court of jurisdiction." *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003). The notice of appeal is "an event of jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This rule "promote[s] judicial economy and avoid[s] the confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983)).

Here, for the reasons stated by the Bankruptcy Court, that court as well as this one lack jurisdiction to reconsider those aspects of the Bankruptcy Case that are the subject of Rajaee's pending Ninth Circuit appeal. This includes Rajaee's request for reconsideration of the Conversion Order and the Settlement Order. Although Rajaee argues that the various motions for reconsideration raise different arguments, ECF No. 11 at 8-11, they seek reconsideration of the same orders. Additionally, the Bankruptcy Court's denial of Rajaee's second, third, and fourth motions for reconsideration was made without prejudice to further requests to the Bankruptcy Court that may become appropriate in light of the Ninth Circuit's resolution of the appeal. The Bankruptcy Court's December 10, 2025 order was thus not a final order. The Court declines to grant leave for an interlocutory appeal of that order to this Court, given that Rajaee's request for reconsideration is already pending before the Ninth Circuit.

Accordingly, this Court dismisses Rajaee's appeal for lack of jurisdiction.

## III.   CONCLUSION

For the foregoing reasons, Rajaee's appeal is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: April 23, 2026

Hon. Robert S. Huie
United States District Judge

26-cv-76-RSH-GC